FILED-SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

APR - 2 2010

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

ERIC GRIFFIN,  )  Case No. CV 10-1658-PA (MLG)
               )
     Plaintiff,)  MEMORANDUM OPINION AND ORDER
               )  DENYING LEAVE TO PROCEED WITHOUT
     v.        )  PREPAYMENT OF FILING FEES AND
               )  DISMISSING COMPLAINT
METROPOLITAN DETENTION CENTER )
et al.,        )
               )
     Defendants.)

Petitioner Eric Griffin is a federal pre-trial detainee at the Metropolitan Detention Center ("MDC") in Los Angeles. He is awaiting trial on a charge of bank robbery, 18 U.S.C. § 2113, in a case arising in the District of Nevada. On January 26, 2010, Chief District Judge Robert J. Johnston ordered that Griffin be committed to the MDC for a competency evaluation and an insanity determination pursuant to 18 U.S.C. §§ 4241 and 4242. On March 12, 2010, Griffin filed a petition for writ of habeas corpus in this Court. The petition was brought in the name of the "Inmates of MCD LACA."[1] The petition was filed by the Clerk of the Court.

---

[1] Petitioner attempted to characterize the petition as a class action, and other inmates at MDC attempted to join the "class." However, it is well established that a pro se prisoner may not bring a class action on behalf of other inmates. *Simon v. hartford Life*, 546 F.3d 661 (9th Cir. 2008), *Oxendine v. Williams*, 509 F.2d 1405, 1407 (9th Cir. 1975)

The petition was not particularly coherent. However, generally speaking, Griffin claimed that there were chemicals in the MDC which were being used as a weapon by jail authorities and which were harming him and for which he needed medical treatment. Griffin requested that all pending criminal charges be dismissed and that he be released from custody.

On March 17, 2010, Magistrate Judge Marc L. Goldman issued an order dismissing the petition with leave to file a civil rights action under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). In that order, the Court found:

> The writ of habeas corpus is limited to attacks upon the legality or duration of confinement. *Crawford v. Bell*, 599 F.2d 890, 891 (9th Cir. 1979) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 484-86 (1973)). " A civil rights action, in contrast, is the proper method of challenging 'conditions of ... confinement.' " *Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 484, 498-99 (1973)); *see also Young v. Kenny*, 907 F.2d 974, 975 n. 1 (9th Cir. 1990). This petition, which involves allegations of deliberate misconduct by jail officials clearly implicates the conditions of confinement. Accordingly, Griffin is not entitled to habeas relief even if his allegations are true. Should he wish to proceed with a lawsuit relating to these claims, he must seek injunctive relief or monetary damages pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) or 42 U.S.C. § 1983, rather than habeas relief under §§ 2241 or 2254.

In addition, because Griffin has neither paid the $350.00 fee for filing a civil action nor complied with the requirements of 28 U.S.C. § 1915(b), in that he had not filed the documents required for proceeding without pre-payment of fees, it was ordered that Griffin submit the filing fee or an application to proceed without prepayment of costs, supported by adequate documentation.

On March 25, 2010, Griffin filed his first amended complaint and a request to proceed without prepayment of the filing fees. The first amended complaint names the Metropolitan Detention Center and the United States Department of Justice as defendants.[2] The complaint alleges that federal agents are using a chemically implanted device to torture, rape and otherwise harm Plaintiff. Plaintiff claims he is being denied medical testing to ascertain the use of this weapon and they are slandering Plaintiff by claiming that he has mental problems. Plaintiff seeks a Grand Jury investigation, appointment of a special prosecutor, and money damages, among other relief.

The request to proceed without prepayment of the filing fee is DENIED. A district court need not grant leave to proceed without prepayment of filing fees and may dismiss a case *sua sponte* if the action is frivolous or malicious or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2), *O'Neal v. Price*, 531 F.3d 1146, 1153-54 (9th Cir. 2008); *Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989). In *Neitzke v. Williams*, 490 U.S. 319, 327 (1989), the Court found that a district court may dismiss a complaint

---

[2] The United States is immune from suit unless it has waived its immunity. *Dep't of Army v. Blue Fox, Inc.*, 525 U.S. 255, 260 (1999). The MDC is a facility run by the Department of Justice. The Department of Justice in indisputably an agency of the United States. 28 U.S.C. § 501; *Balser v. Department of Justice*, 327 F.3d 907 (9th Cir. 2003). Both named defendants are immune from suit.

3

as frivolous when the facts alleged are clearly baseless. This encompasses allegations that are fantastical and delusional. *Id.* at 325, 328; *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). "As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them". *Id.*

This complaint is on its face, fanciful, delusional and fantastic. The request to proceed without payment of filing fees is DENIED. It is further ordered that the complaint be DISMISSED.

Dated: March 31, 2010

_____
Percy Anderson
United States District Judge

Presented By:

_____
Marc L. Goldman
United States Magistrate Judge

4